IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THOMAS BOLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV798–HEH |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER
(Adopting Report and Recommendation and
Granting Defendant's Motion for Summary Judgment)

THIS MATTER is before the Court on a Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Dennis W. Dohnal, United States Magistrate Judge ("Magistrate Judge"), on July 14, 2009. The R&R recommends that Plaintiff's Motion for Summary Judgment and Motion for Remand be denied and Defendant's Motion for Summary Judgment be granted. Plaintiff filed an objection to the R&R on July 24, 2009, and Defendant responded on August 3, 2009. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

The instant case involves Plaintiff's application for Supplemental Security Income ("SSI") benefits filed on May 2, 2005. Plaintiff claims disability due to bipolar disorder, depression, and lower back pain. The Social Security Administration ("SSA") denied

Plaintiff's application initially and on reconsideration, and Plaintiff requested an administrative hearing. Plaintiff attended and testified at a hearing on May 16, 2008, before an Administrative Law Judge ("ALJ"). On June 17, 2008, the ALJ denied Plaintiff's application, finding that Plaintiff was not disabled as defined by the Social Security Act because jobs that Plaintiff was capable of performing existed in significant numbers in the national economy. The Appeals Council denied Plaintiff's request for review, and Plaintiff sought relief from this Court.

On review, the Magistrate Judge properly considered the limited issue of whether "the Commissioner's decision that Plaintiff is not entitled to benefits [was] supported by substantial evidence on the record and the application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). After a detailed analysis, the Magistrate Judge concluded that ALJ applied the correct legal standard to arrive at a decision that was supported by "substantial evidence of record." Having reviewed the record, the R&R, and Plaintiff's objection, this Court finds that there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law as to the ALJ's decision.

Plaintiff advances one objection to the R&R, contending that the ALJ should have heard testimony from a vocational expert at Plaintiff's hearing because Plaintiff exhibited both exertional and nonexertional limitations. A vocational expert, however, is not always required to find a claimant "not disabled" when the claimant has both exertional

2

and nonexertional limitations. To determine whether a vocational expert is necessary, "[t]he proper inquiry . . . is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). When a nonexertional condition does not reduce a claimant's residual functional capacity to perform work for which he is exertionally capable, the ALJ may rely on the finding prescribed by the medical-vocational guidelines applied to exertional conditions, and testimony from a vocational expert is unnecessary. *See id.*; *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984).

In this case, the ALJ found that Plaintiff's nonexertional limitations did not significantly erode his ability to perform medium work. Specifically, the ALJ found that Plaintiff's nonexertional limitations did not affect Plaintiff's ability to perform medium work because he remains able "to perform the mental activities generally required by competitive work activity, including the ability to understand, remember and carry out simple job instructions and the capacity to respond appropriately to supervisors and coworkers." (R., at 20.) To support its finding, the ALJ relied on a past Social Security Ruling and the medical opinions of three physicians, including Plaintiff's treating physician.

The Court finds that the ALJ's finding that Plaintiff's nonexertional limitations did not significantly erode his ability to perform medium work is supported by substantial evidence in the record. Thus, the ALJ was entitled to rely on the result prescribed by the

medical-vocational guidelines to find the Plaintiff "not disabled" without hearing testimony from a vocational expert. Accordingly, Plaintiff's Objection (Dk. No. 17) is OVERRULED, and the Court HEREBY ACCEPTS and ADOPTS the R&R (Dk. No. 16). In accordance with the R&R, Plaintiff's Motion for Summary Judgment (Dk. No. 11) and Motion to Remand (Dk. No. 12) are DENIED, Defendant's Motion for Summary Judgment (Dk. No. 15) is GRANTED, and the Commissioner's final decision is AFFIRMED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

                                          /s/
                                 Henry E. Hudson
                                 United States District Judge

Date: Aug 6 2009
Richmond, Va.